# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | | |
|---|---|---|
| YAPHET MARTIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:13CV00048 SPM |
| | ) | |
| JAMES HURLEY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Yaphet Martin (registration no. 1129479), an inmate at Southeast Correctional Center, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that Plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $7.03. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the

greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of Plaintiff's account indicates an average monthly deposit of $35.17, and an average monthly balance of $15.51. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $7.03, which is 20 percent of Plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a Defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez,

504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named Defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd, 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

## The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983. Named as Defendants are James Hurley (Warden, Northeast Correctional Center ("NECC")), A. Sherman (Caseworker, NECC), and Unknown Carsey (Investigator, NECC). Plaintiff alleges that he was subjected to solitary confinement for "a year" in violation of the Constitution of the United States. He seeks monetary relief.

Plaintiff asserts that on July 26, 2012, while he was incarcerated at NECC, Defendant Carsey informed him that she was conducting an investigation regarding a conspiracy to bring drugs into NECC and that Plaintiff was implicated because his telephone pin number had been used to make a phone call to an outside number in furtherance of the conspiracy. Plaintiff denied involvement, telling her that his pin number must have been stolen.

Plaintiff alleges that on August 2, 2012, Defendant Sherman conducted a hearing on Plaintiff's conduct violation. Plaintiff says he introduced an affidavit from another inmate, in which the inmate attested to stealing Plaintiff's pin number without Plaintiff's knowledge and disavowing Plaintiff's involvement in the alleged conspiracy. Plaintiff says that Sherman found him guilty of the violation despite the affidavit. Plaintiff claims that Sherman recommended thirty days of disciplinary segregation, 365 days without contact visits, and transfer to a higher security institution.

Plaintiff says that he filed a grievance in which he maintained his innocence of the violation, which was denied by Defendant Hurley. Plaintiff claims that each of the Defendants "knew" he was "innocent" but that they kept him in solitary confinement for "a year" despite their alleged knowledge.

Plaintiff was transferred to SECC at some time before he filed the instant complaint.

**Discussion**

First, the Court notes that Plaintiff's assertion that Defendants caused him to be in solitary confinement for "one year" is factually incorrect. Less than ten months passed between the date of Plaintiff's hearing, August 2, 2012, and the date Plaintiff signed the complaint, May 15, 2013. Additionally, at some point prior to May 15,

2013, Plaintiff was transferred to SECC and out of the control of the named Defendants. As a result, Defendants could not have been responsible for Plaintiff's placement in solitary confinement for more than about nine months.

For the Due Process Clause to be implicated, an inmate must be subjected to "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472 (1995). Plaintiff's allegations do not indicate that he has suffered the type of atypical and significant hardship which might conceivably create a liberty interest. Id. at 485-86 (no atypical and significant hardship where inmate spent thirty days in solitary confinement); Hemphill v. Delo, 124 F.3d 208 (8th Cir. 1997) (unpublished) (same; four days locked in housing unit, thirty days in disciplinary segregation, and approximately 290 days in administrative segregation); Freitas v. Ault, 109 F.3d 1335, 1337-38 (8th Cir. 1997) (same; ten days administrative segregation and thirty days on "on-call" status, as well as loss of higher paying job and numerous privileges); Wycoff v. Nichols, 94 F.3d 1187, 1190 (8th Cir. 1996) (same; ten days disciplinary detention and 100 days in maximum-security cell). Plaintiff's allegations regarding his placement in administrative segregation fail to rise to the level of an atypical and significant hardship that would give rise to a due process violation. Furthermore, "[a] prisoner does not have a liberty interest in contact visitation." Phillips v. Norris, 320 F.3d 844, 847 (8th Cir. 2003).

And "an inmate has no justifiable expectation that he will be incarcerated in any particular prison within a State . . . ." Olim v. Wakinekona, 461 U.S. 238, 245 (1983). As a result, the complaint fails to state a claim upon which relief can be granted.

"Qualified immunity protects state actors from civil liability when their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Maness v. Dist. Court, 495 F.3d 943, 944 (8th Cir. 2007) (analyzing qualified immunity on 28 U.S.C. § 1915(e)(2)(B) review). A prison official's duty under the Constitution "is to ensure reasonable safety, a standard that incorporates due regard for prison officials' unenviable task of keeping dangerous men in safe custody under humane conditions." Crow, 403 F.3d at 602 (quoting Farmer v. Brennan, 511 U.S. 825, 844-45 (1994)). Assuming the allegations in the complaint are true, there are no facts that would show that Defendants have breached their constitutional duties to Plaintiffs. Moreover, even if Plaintiff's allegations were to constitute a constitutional violation, Plaintiff has not shown that his alleged right is clearly established. As a result, Defendants are entitled to qualified immunity.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to proceed in forma pauperis [Doc. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Plaintiff shall pay an initial filing fee of $7.03 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 7th day of June, 2013.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE