# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## NORTHERN DIVISION

| | | |
|---|---|---|
| YAPHET MARTIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:13CV00048 SPM |
| | ) | |
| JAMES HURLEY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on *sua sponte* review of its final order dismissing this action under 28 U.S.C. § 1915(e). After further review of the facts and the case law, the Court has determined that this action should be allowed to proceed beyond the frivolity review stage against the named Defendants.

Plaintiff alleged that Defendants caused him to be held in solitary confinement for at least nine months based on a disciplinary charge they knew to be false. Plaintiff also claimed that there was insufficient evidence to support the charge. The Court dismissed the complaint, finding that a nine month period in solitary confinement did not implicate the Due Process Clause under Sandin v. Conner, 515 U.S. 472 (1995).

Under Rule 60(b) of the Federal Rules of Civil Procedure, the Court can grant relief from a judgment in cases of "mistake, inadvertence . . . [or for] any other reason that justifies relief." This Court has the authority to "grant relief from a judgment pursuant to Rule 60(b) *sua sponte*." Pierson v. Dormire, 484 F.3d 486, 491 (8th Cir. 2007).

The Court believes that had Plaintiff simply alleged that he had been confined in administrative segregation for nine months, his allegations would not have risen to the level of atypical and significant hardship that might give rise to a liberty interest. See, e.g., Orr v. Larkins, 610 F.3d 1032, 1034 (8th Cir. 2010) (nine month period in administrative segregation does not give rise to liberty interest.). However, Plaintiff alleges that he was placed in solitary confinement for at least nine months. Under these circumstances, the Court cannot say at this stage of the litigation that Plaintiff cannot demonstrate the existence of a liberty interest. See, e.g., Marion v. Columbia Corr. Inst., 559 F.3d 693, 698-99 (7th Cir. 2009) (issue of whether 240 days in disciplinary segregation was type of atypical, significant hardship that would implicate protected liberty interest could not be decided at pleading stage of state prisoner's § 1983 action). As a result, the Court will vacate its orders dismissing this action, and the Court will order the Clerk to issue process on the complaint.

Accordingly,

**IT IS HEREBY ORDERED** that the Court's Memorandum and Order [ECF No. 4] and Order of Dismissal [ECF No. 5] dated June 7, 2013, are **VACATED**.

**IT IS FURTHER ORDERED** that the Clerk shall reopen this action.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue on the complaint.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), Defendants shall reply to Plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

Dated this 26th day of June, 2013.

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE