UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| YAPHET MARTIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) No. 2:13-CV-48-SPM |
| | ) |
| | ) |
| JAMES HURLEY, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

On August 11, 2014, I held a hearing on Plaintiff Yaphet Martin's ("Plaintiff") contested motions to (1) amend the Case Management Order to reopen discovery and extend the deadline for amendment of pleadings and joinder of additional parties (Doc. No. 36) and (2) defer ruling on Defendants' motion for summary judgment pending completion of the additional discovery. (Doc. No. 38). For the reasons stated on the record at the time of the hearing, and stated below, I find that good cause exists for amending the Case Management Order and will grant Plaintiff's motions.

**I.**
**BACKGROUND**

On May 29, 2013, Plaintiff, acting *pro se*, filed suit against Defendants under 42 U.S.C. § 1983, alleging that Defendants violated his right under the Eighth and Fourteenth Amendments to the United States Constitution by keeping him in solitary confinement for an alleged conduct violation for over ten months without evidence that he had committed the violation, without considering evidence showing that Plaintiff did not commit the violation, and despite knowledge

that Plaintiff was innocent of the violation. Plaintiff's case was initially dismissed by the Honorable Audrey G. Fleissig following a frivolity review. (Doc. Nos. 4 & 5). However, on June 26, 2013, Judge Fleissig, *sua sponte*, vacated her earlier order finding that, upon further review of the facts and the case law, the case should be allowed to proceed beyond the frivolity review stage against the named Defendants. (Doc. No. 6).

On July 8, 2013, again, acting *pro se*, Plaintiff filed a motion for leave to amend his complaint and for an extension of time to do so. (Doc. 9). He stated that at the time he filed his original complaint, he was serving time in administrative segregation and had no access to legal materials, so he was unable to research legal theories that would have allowed him to better express his claims. He also alleged that Defendants and their agents barred his access to law library request forms and threatened to give him more time in administrative segregation if he communicated with the law clerk. Plaintiff indicated that, as of his July 8th motion, he was in the general population and had access to the law library for only a couple of hours a week. On July 9, 2013, the Court denied Plaintiff's motion, without prejudice, on the ground that he had not submitted a proposed amended complaint and would be entitled to amend his pleadings "when justice so requires" under Fed. R. Civ. P. 15. (Doc. 10).

On September 13, 2013, I issued a Case Management Order ("CMO") requiring, among other things, that Defendants disclose a list of the names and addresses of all persons with knowledge or information of the facts giving rise to plaintiff's claim, and to provide a description, by category and location (or copies), of all documents relevant to the facts giving rise to plaintiff's claim. The CMO also required that the parties file motions for joinder of

2

additional parties or amendment of pleadings by November 13, 2013, and complete all discovery by January 6, 2014.

At the hearing, defense counsel admitted that, notwithstanding the disclosures required by the CMO, he failed to disclose to Plaintiff a conduct violation report ("CVR") that contained the information Defendants were required to disclose. Defense counsel explained that the failure to disclose was inadvertent and that although his client routinely disclosed such reports to counsel, it would have been contrary to his client's policy to turn such a report over to an unrepresented prisoner. During the discovery period, Plaintiff made no attempt to conduct any additional discovery.

On March 7, 2014, Defendants filed a motion for summary judgment primarily arguing that Plaintiff's claims fail as a matter of law because his liberty interests were not implicated under the facts of the case. In light of Judge Fleissig's earlier order allowing Plaintiff's case to proceed, on April 28, 2014, I appointed counsel to represent Plaintiff, in part, so that appointed counsel could assist Plaintiff in responding to the summary judgment motion.

## II.
### DISCUSSION

Under Federal Rule of Civil Procedure 16(b)(4), a scheduling order "may be modified only for good cause and with the judge's consent." "'The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements.'" *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008) (quoting *Rahn v. Hawkins*, 464 F.3d 813, 822 (8th Cir. 2006)). A change in counsel may contribute to showing good cause under Rule 16(b), particularly where the movant is incarcerated and thus highly reliant on counsel. *Daniel v. Farmer*, 2008 WL 5233110, *1-2 (E.D. Mo. Dec. 12, 2008).

Here, the Court cannot say that Plaintiff lacked diligence while proceeding *pro se.* Plaintiff did make an attempt to amend his pleadings and outlined the significant challenges to his ability to do so while incarcerated. Although Plaintiff apparently made no attempt to conduct discovery on his own during the discovery period, Plaintiff's ability to do so was significantly hampered by the fact that he is not a trained lawyer, he was incarcerated, and he had very limited access to resources and reference materials. Plaintiff was further hampered in his ability to conduct discovery by Defendants' failure to make disclosures mandated under the CMO. Since his appointment, Plaintiff's counsel has been diligent in his efforts to prosecute this case on behalf of Plaintiff. He promptly met with Plaintiff in person, reviewed the documents in Plaintiff's possession, discussed the required disclosures in the CMO with opposing counsel, and developed a list of materials needed in discovery, and filed the instant motions.

In addition, Plaintiff's counsel has argued, with some force, that after reviewing the case and receiving the previously undisclosed CVR from Defendant, it has become apparent that Plaintiff will need additional, albeit limited, information to respond to Defendant's pending summary judgment motion. Plaintiff's counsel also contends that his review of the case suggests that there is merit to Plaintiff's claims but that, due in part to his limited understanding of the law, Plaintiff failed to name other parties who are perhaps more responsible than the parties currently before the Court.

Finally, defense counsel did not articulate any specific harm or prejudice that would result to Defendants if discovery were reopened and if Plaintiff were granted additional time to amend the pleadings and/or to join new parties.

For all of the foregoing reasons, in balancing the compelling reasons for reopening discovery against any potential harm or prejudice to Defendants, I find that Plaintiff's motions to reopen discovery and extend the time for Plaintiff to respond to Defendants' motion for summary judgment should be granted.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's contested motions to (1) amend the Case Management Order to reopen discovery and extend the deadline for amendment of pleadings and joinder of additional parties (Doc. No. 36) and (2) defer ruling on Defendants' motion for summary judgment pending completion of the additional discovery. (Doc. No. 38) are **GRANTED**.

**IT IS FURTHER ORDERED** that within ten (10) days of the date of this order, the parties shall submit a Joint Proposed Scheduling Plan proposing deadlines by which additional discovery will be completed and a briefing schedule on Defendants' motion for summary judgment.

        /s/Shirley Padmore Mensah
        SHIRLEY PADMORE MENSAH
        UNITED STATES MAGISTRATE JUDGE

Dated this 12th day of August, 2014.